J-S40029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW J. ALLAM SR. | : | |
| | : | |
| Appellant | : | No. 1530 EDA 2022 |

Appeal from the Order Entered May 3, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No.:  CP-52-CR-0000469-2009

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                 **FILED MARCH 28, 2023**

Appellant Andrew J. Allam Sr. *pro se* appeals from the May 3, 2022 order of the Court of Common Pleas of Pike County ("PCRA court"), which denied his "Motion to Dismiss Criminal Action."  Treating the motion as a petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, we affirm.

The facts and procedural history of this case are uncontested.  Briefly, between May 1, 2007 and August 21, 2009, Appellant had a sexual relationship with KS, a minor daughter of Appellant's paramour at the time.  Both the paramour and KS lived with Appellant throughout the time of these offenses.  KS, who was born in 1995, was between twelve (12) and fourteen (14) years old during this period.  KS became pregnant with Appellant's child and gave birth in her residence.  Upon arriving at the hospital, the state police were called.  Following statements by KS to the police that Appellant had

impregnated her, a further investigation revealed multiple sexual encounters occurred between Appellant and KS.  The Commonwealth then filed the appropriate charges.  A jury trial was eventually held over a two-day period, commencing on November 18, 2010.  The jury convicted Appellant of three counts of Rape of a child, twenty counts of involuntary deviate sexual intercourse, seventeen counts of statutory sexual assault, fifteen counts of indecent assault, and one count of corruption of minors.

On February 11, 2011, Appellant was sentenced to a term of forty to eighty years of incarceration, and Appellant was ordered to register with the state police as a sex offender pursuant to Megan's Law, 42 Pa.C.S.A. §§ 9795.1 *et seq*.  Post-sentence motions were filed and denied, and on March 22, 2011, Appellant filed a timely notice of appeal.  In a memorandum filed on December 2, 2011, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Allam**, 40 A.3d 182 (Pa. Super. filed December 2, 2011) (unpublished memorandum).  Our Supreme Court denied Appellant's petition for allowance of appeal on August 7, 2012.  **See Commonwealth v. Allam**, 50 A.3d 124 (Pa. 2012).  Appellant's judgment of sentence became final on November 5, 2012.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); U.S. Sup. Ct. R. 13.

On August 27, 2012, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel.  On December 6, 2012, counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*). On December 12, 2012, the PCRA court granted counsel's motion to withdraw, informed Appellant of its intent to dismiss his PCRA petition within twenty days pursuant to Pa.R.Crim.P. 907, and directed Appellant that he had twenty days in which to respond. When the PCRA court received no response from Appellant, it entered an order on January 7, 2013, dismissing his PCRA petition. Appellant appealed to this Court, raising thirty assertions of error. In deciding the appeal, we observed that Appellant's "statement of the issues presented is merely a rambling attack on multiple facets of the trial court's proceedings" and "that nearly all of Appellant's issues presented were previously litigated in his direct appeal, were waived, or they are not cognizable claims under the PCRA." **Allam**, No. 959 EDA 2013, unpublished memorandum, at 6. Ultimately, on March 7, 2014, we affirmed the PCRA court's denial of Appellant's petition, concluding, *inter alia*, that Appellant's ineffectiveness claims, his only viable issues on appeal, lacked merit. On September 3, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Allam**, 99 A.3d 75 (Pa. 2014).

Thereafter, Appellant filed and litigated several additional PCRA petitions and various other *pro se* filings, all of which ultimately were unsuccessful. Following our June 22, 2021, affirmance of the denial of his serial petition, **see Commonwealth v. Allam**, 258 A.3d 542 (Pa. Super. filed June 22, 2021) (unpublished memorandum), Appellant on April 22, 2022 filed the instant petition, which he titled as a "Motion to Dismiss Criminal Action No. 469-2009,

- 3 -

for Unsigned Probable Cause and Warrant of Arrest" (the "Motion").  On May 3, 2022, the PCRA court denied the Motion.  Appellant *pro se* timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[1] Appellant presents two issues for our review, reproduced verbatim below.

> [I.]   Appellant's unsigned arrest warrant does not constitute a written order of the court, because the warrant was unsigned there is no record determination of probable cause and the warrant is constitutionally defective.
>
> [II.]  Appellants probable cause is not signed by Alan B. Cooper the issuing authority the "eee" on the document is not a signature of any kind nor is it identified as Alan B. Cooper, thus a forgery and violating Appellant's right against illegal search and seizure of the 4th Amendment to the U.S. Const. thus no judicial determination of probable cause was made nor was the officer sworn by the issuing authority.

Appellant's Brief at v (unnecessary capitalizations omitted) (sic).

Preliminarily, as we alluded to earlier, the Motion should have been treated as one falling under the PCRA.  The plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose."  42 Pa.C.S.A. § 9542.  Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA

---

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

provides for a potential remedy. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted). Accordingly, the Motion should have been treated as a PCRA petition.

Having established that the Motion should be treated as a PCRA petition, we now must determine whether the PCRA court had jurisdiction to entertain it. A court cannot consider a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[2]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated above, Appellant's judgment of sentence became final on November 5, 2012—90 days following our Supreme Court's denial of his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); U.S. Sup. Ct. R. 13. Thus, because Appellant had one year from November 5, 2012, to file a timely PCRA petition, the Motion is facially untimely given it was filed on April 22, 2022, nearly ten years later.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section

---

[2] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017

- 6 -

9545(b)(1)(i)-(iii) of the PCRA. **See Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar. The Motion, treated properly as a PCRA petition, was untimely. Accordingly, the PCRA court did not err in denying the Motion.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023

---

[3] While our rationale differs from the PCRA court insofar as it did not conduct a jurisdictional analysis, it is well-settled that we may affirm on any basis. **See Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa. Super. 2010), **appeal denied**, 26 A.3d 1100 (Pa. 2011).